IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-317-FL-1
NO. 5:11-CV-705-FL

| | | |
|---|---|---|
| LESTER RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 40)[1]. On January 25, 2012, the government filed motion to dismiss, arguing that the petition was untimely filed. However, on August 13, 2012, the government filed notice of withdrawal of its motion to dismiss and waived its previously asserted defenses. The government suggests that the court reach the merits of the § 2255 petition and vacate petitioner's conviction.

On January 7, 2008, pursuant to written plea agreement, petitioner pleaded guilty to felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The court sentenced petitioner on June 10, 2008, to a term of 66 months' imprisonment, followed by a three-year term of supervised release. Amended judgment entered July 2, 2008, memorializing modification of petitioner's restitution responsibility.

In light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does

---

[1] Petitioner, in memorandum in support of his petition, raises an alternative request for relief under 28 U.S.C. § 2241.

not have a prior conviction of a crime punishable by imprisonment for a term exceeding one year.[2] Therefore, a necessary element of the crime of conviction is lacking. See 18 U.S.C. § 922(g)(1). Where the government waives defenses previously asserted in motion to dismiss, and where the court, having reviewed the record, finds petitioner's motion meritorious, said motion is GRANTED, and judgment dated June 10, 2008, and amended July 2, 2008, is VACATED. Petitioner's alternative request for relief under 28 U.S.C. § 2241 is DISMISSED as moot. Petitioner is ORDERED to be released from federal custody, subject to pending detainers, if any, unless some cause be shown by the government on or before noon on August 24, 2012, why petitioner is not now entitled to this relief.

      SO ORDERED, this the 23rd day of August, 2012.

*/s/ Louise W. Flanagan*
_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] The government in notice of withdrawal of its motion to dismiss informs that petitioner has one prior conviction for Accessory After the Fact to Assault Inflicting Serious Bodily Injury, a Class H felony, with a Record Level of II. The maximum sentence that could have been imposed for this conviction was ten months. In support, the government attaches petitioner's prior state judgment.